THE STATE ex rel. O'MALLEY v. McCAFFERY et al.

## In Banc, February 19, 1901.

1. Elections: SELECTION OF DELEGATES: BY MASS-MEETING: RESCIND-
ING ACTION OF COMMITTEE.   Where a legal quorum of the committee
of a political party in a congressional district in the city of St. Louis
met and called a convention, ordering that delegates thereto be se-
lected by mass-meetings, due notice thereof and of the convention be-
ing given, a certificate of nomination by the convention composed
of such delegates, was valid, though the committee had formerly
taken a different action as to the method of electing delegates to the
nominating convention.

2. ———: ———: ———: LEGAL.   Under sections 7146 to 7161, Re-
vised Statutes 1899, prescribing the methods to be followed in pri-
mary elections held in cities of over 300,000 inhabitants, mass-meet-
ings for the election of delegates to a congressional convention are
valid.

*Mandamus.*

PEREMPTORY WRIT AWARDED.

*Jno. H. Overall* for relator.

*Wm. C. & Jas. C. Jones* for respondents.

SHERWOOD, J.—This is an original proceeding .in
this court.   An original proceeding in more senses than one, as
counsel on either side have failed to file any statement of the
case, so we are left the task of picking out the necessary facts;
and then of passing upon them.

The object of this proceeding is to compel the Board of Election Commissioners, composed of respondents, to accept and treat as valid a certain certificate of nomination, which O'Malley received as the result of a convention held "at North St. Louis Turner Hall," September 25, 1900, to nominate a candidate for Congress in the Eleventh Congressional district. A legal quorum of the central Democratic committee of that congressional district met on the seventeenth of September, 1900, and called the convention; ordered that delegates to said convention be selected by mass-meeting to be held September 24, 1900, and gave due notice of the calling of the mass-meetings and of the congressional convention.

These mass-meetings were held, delegates were selected, and at the convention composed of such delegates, O'Malley became the nominee, receiving the certificate of nomination, which was filed with the board on the first day of October, 1900, the non-reception and rejection of which by the Board of Election Commissioners, on the first day of October, 1900, constitutes the *corpus,* the *piéce de resistance* of the present litigation.

The Board of Election Commissioners justifies its rejection of the certificate on the grounds: 1st, that the congressional committee had taken prior action on the fourteenth of September, 1900, for holding an election for delegates, that is a primary election under the auspices of the Board of Election Commissioners, on the twenty-eighth day of September, 1900, to elect delegates to a congressional convention to be held on the twenty-ninth of September, 1900. But the congressional committee meeting held on the fourteenth of September, 1900, as shown by evidence which satisfies us, was not attended by a quorum, to-wit, fourteen of the committee. But even had a quorum been present and caused to be called primaries to be held on the twenty-eighth of September, 1900, for the election

of delegates, still it was perfectly competent for a full quorum of the congressional committee to recall their action, which they did do on September 17, 1900, and which they also did on the same date by calling for delegates to be elected in mass-meetings on the twenty-fourth of September, 1900, and for a convention of such delegates on the twenty-fifth of September, 1900.

2d.    But it is objected by respondents that mass-meetings for election of delegates to a congressional convention are invalid; that the only valid method of electing such delegates to such convention, is by compliance with sections 7146 to 7161 inclusive, of Revised Statutes 1899, and therefore, that relator, not having been chosen as pointed out in such sections, is not, on that account, entitled to a certificate of nomination, etc., etc.

This objection is not well taken, inasmuch as section 7146 while requiring primary elections held in cities of over 300,000 inhabitants to be held as provided in that and other subsequent sections to 7161 inclusive, does not forbid the employment of mass-meetings to be used for selecting delegates. It only requires that if you *do have primaries,* that then they are to be held in a certain way.

I feel very thankful that legislation has not yet reached forth and robbed us of the old-fashioned Democratic mass-meetings for the selection of delegates; has not yet robbed the poor man or man of ordinary means of the chance or opportunity to aspire to an office; has not yet interfered and dictated that dollars and not brains are conditions precedent, and the *sine qua non* of such aspirations.

In accordance with the prior decision of this court the peremptory writ will go.    All concur.